IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| JOHN ELLIOTT and LAURA ELLIOTT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GREAT POINT PARTNERS, LLC ) <br> The Corporation Trust Company, R/A ) <br> Corporation Trust Center ) <br> 1209 Orange Street ) <br> Wilmington, DE 19801, ) <br> ) <br> Defendant. ) | Civil Action No. 1:10-cv-01047 |
| GREAT POINT PARTNERS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN ELLIOTT, ) <br> ) <br> Defendant. ) | Civil Action No. 1:10-cv-01019 |

STIPULATION AND ORDER FOR
**THE PROTECTION OF CONFIDENTIAL INFORMATION** WITHOUT PROSPECTIVE SEALING PROVISION  /JFA/

IT IS HEREBY STIPULATED by and between John and Laura Elliot (the "Elliotts") and Great Point Partners, LLC ("Great Point,"), the only parties to the above-captioned actions, by and through their respective attorneys of record, as follows:

WHEREAS, testimony and information have been and may be sought, produced or exhibited by and among the parties to this action that the parties believe in good faith may contain non-public, proprietary information and/or sensitive financial or personal information,

the disclosure of which the producing party has a reasonable belief could injure the producing party or any third party ("Confidential Information");

WHEREAS, the parties desire to protect such Confidential Information from disclosure to third parties and are willing to provide such Confidential Information only for the purposes of discovery and litigation of the parties' claims and counterclaims in this action and the action entitled Great Point Partners, LLC v. John Elliott, 1:10-cv-01019-JCC –JFA (the "Actions");

WHEREAS, the parties are willing to maintain confidentiality of such Confidential Information and to use it only for the purposes of the Actions;

THEREFORE, the Parties agree as follows:

1.   All originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, and all documents, materials, tangible things and information obtained by inspection of files or facilities or by production of documents which set forth, refer to, or contain any Confidential Information, may be designated by the party producing the information as either: (a) "Confidential," or (b) "Confidential – Attorneys' Eyes Only," provided that the designating party believes in good faith that the disclosure of the Confidential Information would be injurious to the designating party or to a third party.

2.   A document or tangible thing may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" by placing a stamp or other mark on the document or tangible thing that so indicates. The designation of testimony at a deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" may be made either on the record or upon review of the transcript of the deposition pursuant to Fed. R. Civ. P. 30(e). All deposition testimony shall be considered "Confidential" until the time for review of the deposition transcript pursuant to Fed. R. Civ. P. 30(e)(1) has expired.

3. The parties agree that any information designated as "Confidential" or "Confidential – Attorneys Eyes Only" shall be used only for the purposes of the Actions and for no other purpose.

4. Information designated "Confidential" may only be disclosed to:

(i) Counsel for the parties to the Actions who have formally appeared in one or both of the Actions;

(ii) John Elliott or Laura Elliott;

(iii) The members or employees of Great Point who are directly involved in the defense and/or prosecution of the Actions and who may be called to testify in the Actions; and

(iv) Expert witnesses retained by a party to the Actions in good faith with the expectation that they will provide testimony in connection with the Actions; provided that they sign a declaration in the form annexed hereto as Exhibit A.

5. Information designated "Confidential – Attorneys' Eyes Only" may only be disclosed to counsel for the parties to the Actions who have formally appeared in one or both of the Actions.

6. In the event that any party disagrees with any designation, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing, but shall continue to maintain the documents or other information as Confidential (or Confidential-Attorneys' Eyes Only) for ten (10) business days after such notice. The designating party shall have the right to move the Court to retain the designated status of such materials. If the designating party files such a motion within the ten (10) business day period, the receiving party shall continue to retain the

materials as "Confidential" or "Confidential-Attorneys' Eyes Only," until the Court has ruled on the designating party's motion.

7. Any party seeking to file material in Court designated as "Confidential" or "Confidential-Attorneys' Eyes Only" must notify the designating party of its intent to file confidential materials, and identify the specific materials it intends to file. The parties agree to meet and confer, expeditiously and in good faith, to determine whether a redacted version of the designated materials can be filed with the Court. In the event no agreement is reached for the filing of a redacted version of the materials after the parties confer, the party seeking to file such materials shall provide the designating party at least ten (10) business days to make an application for a protective order or other relief. If the designating party files such a motion within the ten (10) business day period, the receiving party shall continue to retain the materials as "Confidential" or "Confidential-Attorneys' Eyes Only," until the Court has ruled on the designating party's motion.

8. The provisions of this agreement shall not terminate at the conclusion of the Actions, and the Court shall retain jurisdiction to resolve any dispute concerning the use of documents or information hereunder. After the conclusion of this Proceeding, including all appeals, any documents designated "Confidential" or "Confidential – Attorneys Eyes Only" shall, at the request of the designating party, be returned to the producing party or be certified as having been destroyed.

9. The inadvertent or unintentional disclosure by the producing party of Confidential Information without a designation as such shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

10. This Order shall be without prejudice to the right of the parties to request additional protection from the Court as they deem necessary.

11. This Stipulated Confidentiality Agreement and Protective Order Regarding Discovery shall be binding upon the parties hereto, regardless of whether or when it is entered as an Order of the Court.

Dated: October 20, 2010

*Counsel for Defendant Great Point Partners, LLC*

By: /s/
Charles Michael Sims (VSB No. 35845)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Suite 800
Richmond, Virginia 23219
Telephone:   804.783.2003
Fax:         804.783.2294
Charles.Sims@leclairryan.com

Joanna Lee Faust (VSB No. 72930)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Telephone:   703.647.5915
Fax:         703.647.5986
Joanna.Faust@leclairryan.com

Of Counsel:

MORRISON COHEN LLP
Donald H. Chase
909 Third Avenue
New York, New York 10022
Telephone:   (212) 735-8684
Fax:         (212) 735-8708
dchase@morrisoncohen.com

Dated:   October 22, 2010

*Attorney for John Elliott and Laura Elliott*

By:___/s/_____
Michael J. Seck, Esquire
Law Offices of Michael J. Seck, PLC
199 Liberty Street, SW
Leesburg, VA 20175
Telephone:   (703)777-2881
Fax:            (703)777-9113
secklaw@yahoo.com

IT IS SO ORDERED.

Dated: October 26, 2010

/s/
John F. Anderson
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN ELLIOTT and LAURA ELLIOTT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-cv-01047 |
| ) | |
| GREAT POINT PARTNERS, LLC ) | |
| ) | |
| Defendant. ) | |

DECLARATION OF _____
UNDER THE STIPULATION AND ORDER FOR
THE PROTECTION OF CONFIDENTIAL INFORMATION

I, _____ being duly sworn, declares as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

_____.

4. I hereby acknowledge that: (i) I have been given a copy of the Stipulation and Order for the Protection of Confidential Information ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not

NYI-2231075v1

- 2 -

qualified under the Protective Order. I will not use any Confidential Material disclosed to me for any purposes other than this case.

6. I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

7. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____