**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| GREAT POINT PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-cv-01019 |
| | ) | |
| JOHN ELLIOTT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| JOHN ELLIOTT and LAURA ELLIOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-cv-01047 |
| | ) | |
| GREAT POINT PARTNERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF GREAT POINT PARTNERS, LLC**

Great Point Partners, LLC ("Great Point"), by its counsel, as and for its Answer to the Complaint propounded by John Elliott and Laura Elliott (the "Elliotts"), states as follows:

**PARTIES**

1. Admits the allegations contained in paragraph 1 of the Complaint.

2. Admits the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. No response is necessary to the allegations contained in paragraph 3 of the Complaint, and respectfully refers all questions of law to the Court. To the extent any answer is required, Great Point denies the allegations contained in paragraph 3 of the Complaint.

4. No response is necessary to the allegations contained in paragraph 4 of the Complaint, and respectfully refers all questions of law to the Court. To the extent any answer is required, Great Point denies the allegations contained in paragraph 4 of the Complaint.

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that Great Point presented an offer to purchase the Elliotts' shares in Mediatech on or about June 25, 2010.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that Adam B. Dolder and David Kroin are Managing Directors of Great Point and that they met with John Elliott on or about June 30, 2010 and presented him with certain documentation.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that documentation was provided by Great Point on or about June 30, 2010 (the "Presentation"), and respectfully refers the Court to the Presentation for its true and complete contents.

9. Denies the allegations contained in paragraph 9 of the Complaint, and respectfully refers the Court to the Presentation for its true and complete contents.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint, except admits that the Elliotts signed a stock purchase agreement dated July 15, 2010 (the "Agreement") and respectfully refers the Court to the Agreement for its true and complete contents.

## COUNT I
### (Fraudulent Inducement to Contract)

13. Great Point repeats and realleges each and every response to paragraphs 1 through 12 of the Complaint as if fully set forth at length herein.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint, and respectfully refers the Court to the referenced Agreement for its true and complete contents.

20. Denies the allegations contained in paragraph 20 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action upon which relief may be granted.

2. The Complaint is barred because there was no reliance on any statement or representation made by Great Point.

3. The Complaint is barred because any reliance by the Elliotts on any alleged statement or representation made by Great Point was unreasonable and/or unjustified.

4. The alleged statements attributed to Great Point are not false.

5. The Complaint is barred by the Elliotts' bad acts and/or unclean hands.

6. The Elliotts' claims are barred by their own breaches of the Agreement.

#2632493 v2 \017126 \0084

3

7. The Elliotts' claims are barred by their own wrongful and/or tortious conduct.

8. The Elliotts' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and laches.

9. The Elliotts' claims are barred, in whole or in part, by their failure to mitigate their damages, if any.

10. Great Point intends to assert and rely upon any and all other available defenses as may be developed through discovery and the evidence.

11. Great Point reserves the right to alter, amend, or add to this Answer and Affirmative Defenses at any time prior to trial or during trial to conform the same to evidence produced in discovery or at trial.

WHEREFORE, Great Point respectfully asks this Court to award judgment in favor of Great Point and dismissing the Complaint in its entirety, as well as such other and further relief as the Court may deem just and proper.

Dated: Alexandria, Virginia
January 18, 2010

Respectfully submitted,

GREAT POINT PARTNERS, LLC

By: /s/
Charles Michael Sims (VSB No. 35845)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Suite 800
Richmond, Virginia 23219
Telephone: 804.783.2003
Fax: 804.783.2294
Charles.Sims@leclairryan.com

Joanna Lee Faust (VSB No. 72930)
LeClairRyan, A Professional Corporation

2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Telephone:	703.647.5915
Fax:	703.647.5986
Joanna.Faust@leclairryan.com
***Counsel for Great Point Partners, LLC***

*Of Counsel*:

MORRISON COHEN LLP
Donald H. Chase
David A. Piedra
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8684
Fax: (212) 735-8708
***Counsel for Great Point Partners, LLC***

#2632493 v2 \017126 \0084

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent a copy to:

> Michael J. Seck, Esquire
> Law Offices of Michael J. Seck, PLC
> 199 Liberty Street, SW
> Leesburg, VA 20175
> *Counsel for Plaintiffs*

> _____/s/_____
> Joanna Lee Faust (VSB No. 72930)
> LeClairRyan, A Professional Corporation
> 2318 Mill Road, Suite 1100
> Alexandria, Virginia 22314
> Telephone:   703.647.5915
> Fax:              703.647.5986
> Joanna.Faust@leclairryan.com
> ***Counsel for Defendant Great Point Partners, LLC***